# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41307
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2015

Lyle W. Cayce
Clerk

JIMMY DON MATHEWS,

Plaintiff-Appellant

v.

BOWIE COUNTY, TEXAS; JAMES PRINCE; COMMUNITY EDUCATION CENTERS, INCORPORATED; CIVIGENICS, INCORPORATED,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:12-CV-82

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jimmy Don Mathews filed suit pursuant to 42 U.S.C. § 1983 against Bowie County, Texas; Sheriff James Prince; Community Education Centers, Inc. (CEC); CiviGenics, Inc.; and unknown "John Doe" defendants. In his second amended complaint, he alleged that unknown guards at Bowie County Jail used unreasonable and excessive force against him. He further contended

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41307

that he sought medical treatment from injuries sustained from the alleged use of force, but received treatment only after an unreasonable delay, resulting in severe physical and mental pain.  The district court, after briefing by the parties, dismissed Mathews's claims against Bowie County, Sheriff Prince, CEC, and CiviGenics pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The district court permitted the claims against the unknown "John Doe" defendants to proceed.  Mathews now appeals from the dismissal of his § 1983 and state law claims against the named defendants.

We review de novo a dismissal under Rule 12(b)(6).  *Bass v. Stryker Corp.*, 669 F.3d 501, 506 (5th Cir. 2012).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A dismissal for failure to state a claim will be affirmed "if, taking the plaintiff's allegations as true, it appears that no relief could be granted based on the plaintiff's alleged facts."  *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (internal quotation marks and citation omitted).

A governmental entity or municipality may be held liable under § 1983 only if official policy or custom caused the deprivation of a constitutional right.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  The plaintiff must prove that the policy or custom in question was adopted with "deliberate indifference" and that there was "a direct causal link between the municipal action and the deprivation of federal rights."  *In re Foust*, 310 F.3d 849, 862 (5th Cir. 2002) (internal quotation marks and citation omitted).  Thus, the plaintiff must prove (1) the existence of a policymaker; (2) the existence of a policy or custom; and (3) a violation of his constitutional rights

No. 13-41307

that resulted from the policy or custom.  *Hampton Co. Nat'l Surety, LLC v. Tunica Cnty.*, 543 F.3d 221, 227 (5th Cir. 2008).

Mathews failed to state a claim under § 1983 against any of the named defendants.  His second amended complaint did not allege that the custom or policy in question was adopted with deliberate indifference.  Rather, a plain reading of his complaint reflects that his allegations of deliberate indifference are confined only to the actions of the unknown correctional officers.  Thus, the district court properly dismissed his § 1983 claim against the named defendants.  *In re Foust*, 310 F.3d at 862.  Furthermore, we have consistently held, as is the case here, that "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy."  *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).  In addition, to the extent that Mathews even attempts to allege a custom or policy, his conclusory allegations that his treatment violated the Texas Administrative Code are insufficient to establish § 1983 liability.  *See Brown v. Texas A&M University*, 804 F.2d 327, 335 (5th Cir. 1986).  "Such action may constitute a breach of contract or violation of state law, but unless the conduct trespasses on federal constitutional safeguards, there is no constitutional deprivation."  *Id.*  Finally, as to the dismissed state law claims of assault and battery, Mathews does not address this issue on appeal, and it is therefore abandoned.  *See United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992).

Mathews also argues on appeal that the district court erred by denying him leave to file a third amended complaint.  We review a district court's denial of a motion to amend a pleading for abuse of discretion.  *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996).  The district court based its denial on a several factors, including the futility of the proposed amendments, undue delay, repeated failure to cure deficiencies by amendments previously allowed,

No. 13-41307

and undue prejudice.   Having reviewed the pleadings, we conclude that the district court acted within its discretion, as the proposed amendments were futile.  *See Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999).  Furthermore, the trial court properly considered other relevant factors, such as the "unexplained delay" in adding additional claims and the fact that the circumstances underlying the amended complaint were known to Mathews when the original complaint was filed.  *See In re Southmark Corp.*, 88 F.3d 311, 316 (5th Cir. 1996).

For the foregoing reasons, the judgment of the district court is AFFIRMED.